RENDERED: JULY 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0839-MR

COMMONWEALTH OF KENTUCKY                                    APPELLANT

                          APPEAL FROM BATH CIRCUIT COURT
v.                        HONORABLE DAVID A. BARBER, JUDGE
                          ACTION NOS. 24-CR-00107 AND 25-CR-00015

JENNIFER BECRAFT                                              APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: COMBS, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE: Jennifer Becraft ("Becraft") entered a guilty plea to trafficking

and possessing methamphetamine. Under her plea agreement, the Commonwealth

recommended a five (5)-year sentence. Instead, the circuit court gave Becraft a

split sentence of three (3) years in prison, followed by two (2) years of probation.

Based on our review of the record and applicable law, we vacate the circuit court's

orders of probation and sentencing and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

The Bath County Grand Jury indicted Becraft for first-degree trafficking in a controlled substance (methamphetamine, less than two grams) and being a second-degree persistent felony offender ("PFO"). She was later indicted for first-degree possession of methamphetamine (second offense).

Becraft eventually pleaded guilty in both cases. In Case Number 24-CR-00107 ("24-CR-00107"), she pleaded guilty to first-degree trafficking, and the PFO charge was dismissed. In Case Number 25-CR-00015 ("25-CR-00015"), she pleaded guilty to first-degree possession. The Commonwealth recommended a five-year sentence in 24-CR-00107 and recommended eighteen (18 months) in 25-CR-00015, to run concurrently with 24-CR-00107.

At sentencing, the Commonwealth opposed probation because Becraft had pleaded guilty to trafficking. However, the court gave Becraft a "hybrid sentence of three years' incarceration . . . followed by two years of probation . . . upon acceptance to drug court if she's eligible and complete drug court or whatever else SSC determines on a screen." She was to be assessed for drug treatment after serving three years.

The Commonwealth objected to the split sentence, arguing that it was not practicable, since her plea offer had been for a five (5)-year sentence and the court's sentence would modify the agreement. The court responded that it had the

authority to do so. The Commonwealth further claimed that the court could set aside the plea but could not alter the plea agreement. However, the court stated that the Commonwealth could appeal whether it had the "right to do that."

Becraft's counsel also raised concerns about the sentence. He instead suggested immediate probation so that Becraft could enter drug court directly, to which the court responded, "I'm not going to, probably ever, if I can help it, probate a trafficker." The court then offered to set aside the judgment and, instead, sentence Becraft to five (5) years in prison. Becraft's counsel responded that he would "take the earlier ruling and see where that goes."

The court entered calendar orders that day stating the sentence would be "Hybrid / alternative sentence 3 yrs / 2 yrs probated upon acceptance to drug court[.]" The court later entered a final judgment in 24-CR-00107 stating that Becraft was "sentenced to . . . imprisonment for a maximum term of (3) years in DOC/prison; then probated for an add'l (2) yrs," with that sentence to run concurrently with the one "in Bath 25-CR-00015." The court entered an almost identical final judgment in 25-CR-00015 stating that Becraft was "sentenced to . . . imprisonment for a maximum term of (3) years in DOC/prison; then probated for add'l (2) yrs," with that sentence to run concurrently with the sentence "in Bath 24-CR-00107."

Additionally, the court entered a probation order in both cases stating that Becraft was sentenced to "[p]robation with an alternative sentence, as specified herein," with a handwritten notation stating "split sentence: (3) yrs DOC (2) yrs Prob." The order stated that Becraft would "remain in DOC custody on split sentence for (3) yrs in DOC; then be released to probation after (3) yrs in custody for (2) yrs probated." It also said that after Becraft is "released on (2) yrs probation," she "shall be assessed to determine if she qualifies for drug court; if eligible [she] shall enroll in & comply w/ Bath Co. Drug Court." The Commonwealth appealed both final judgments and the probation order.

We will discuss further facts as they become relevant.

## **ANALYSIS**

In this case, the circuit court imposed what is commonly called a "split" sentence. However, Kentucky's probation statute, Kentucky Revised Statute ("KRS") 533.020(1), does not allow such sentences. Specifically, the statutory language is as follows: "When a person . . . who has entered a plea of guilty to an offense *is not sentenced to imprisonment*, the court shall place him on probation[.]" (Emphasis added.)

Indeed, the Kentucky Supreme Court has explicitly disallowed the type of split sentencing done in this case. *Commonwealth v. Moreland*, 681 S.W.3d 102, 106 (Ky. 2023). In *Moreland*, the circuit court gave the defendant a

-4-

split sentence of twenty (20) years, with ten (10) to serve and the remainder probated for ten (10) years. *Id*. at 104. After serving ten (10) years, Moreland was released from prison and entered supervised probation. *Id*. A few years later, the Commonwealth sought to revoke his probation, and Moreland argued that his sentence had been illegal. *Id*. The circuit court determined that it could not modify his sentence and revoked his probation based on his probation officer's testimony. *Id*.

The Kentucky Supreme Court held on appeal that the split sentence was illegal because Moreland had been "sentenced to imprisonment for twenty years and ordered to serve ten years of [the sentence,]" meaning that – under KRS 533.020(1) – "probation was not available to him." *Id*. at 106. The Court noted that "the statutory language is unambiguous" and clearly stated that "probation is only available '[w]hen a person . . . who has entered a plea of guilty to an offense *is not sentenced to imprisonment . . . .*'" *Id*. (emphasis added) (quoting KRS 533.020(1)). Because "implementation of incarceration was ordered in Moreland's case, the sentence purporting to probate ten years of that prison sentence is unlawful. The statutory scheme creates an "either/or" option, not a "both/and" option." *Id*. (citation omitted). Consequently, the split sentence violated KRS 533.020(1), and the probation "was void and of no effect." *Id*. at 108.

Becraft's split sentence in this case is similar. As in *Moreland*, the circuit court sentenced Becraft to serve a period of incarceration before being probated. As the *Moreland* Court noted, "probation standing alone does not function as a sentence because it provides no authorized penalty . . . ." *Id*. at 106 (quoting *Commonwealth v. Tiryung*, 709 S.W.2d 454, 455 (Ky. 1986)). Instead, probation is a "release and supervision—in lieu of implementation of incarceration—at sentencing" or a "suspension of the imposition of a sentence of incarceration." *Id*. (quoting *Jones v. Commonwealth*, 319 S.W.3d 295, 297 (Ky. 2010)).

In this case, if Becraft were to serve three (3) years and then be released on probation, any revocation would be pointless because no sentence would be left to impose. Becraft's probationary period would be neither "in lieu of" nor suspend any prison time because she would have served the full prison sentence ordered by the circuit court. *Id*.

Ultimately, "probation is a statutory creature" and "is not an inherent power in the courts[.]" *Id*. at 105 (quoting *Conrad v. Evridge*, 315 S.W.3d 313, 317 (Ky. 2010)). Because probation is "a statutory grant of authority, the judiciary is prohibited from exercising that authority in a manner not set forth within the enabling statute." *Id*. *Moreland* clearly held that split prison sentences are "unlawful and void." *Moreland*, 681 S.W.3d at 108. Thus, we are required to vacate the sentence imposed by the circuit court and its probation order.

Because the "issue is one of illegal sentencing and is a failure to follow the statutory parameters for when probation is available, . . . the remedy in this case is remand for resentencing." *Id*. at 109; *see also Commonwealth v. Strunk*, 718 S.W.3d 758, 769 (Ky. 2025) ("If the sentence is illegal for reasons other than its excessive length, then remand should be for a wholly new resentencing hearing, in accordance with *Moreland*.").  Indeed, in *Moreland*, rather than allowing the previously ordered ten (10) years in prison to stand, the court held that the remedy was complete resentencing.  *Moreland*, 681 S.W.3d at 109; *see Strunk*, 718 S.W.3d at 768 (noting remedy was "remand[] for resentencing *in toto*").  Thus, we remand for resentencing and order the circuit court to impose a lawful, non-split sentence.

## CONCLUSION

For the foregoing reasons, we vacate the Bath Circuit Court's orders of probation and sentencing and remand for resentencing.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Russell Coleman
Attorney General of Kentucky

Shawn D. Chapman
Deputy Solicitor General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Jennifer Wade
Assistant Public Advocate
Frankfort, Kentucky